**Mitchell ALFORD, Appellant,**

v.

**J. A. JONES CONSTRUCTION COMPANY and Kentucky Workmen's Compensation Board, etc., and The Commissioner of Industrial Relations, Appellees.**

Court of Appeals of Kentucky.

May 23, 1958.

Daniel Boone Smith, Smith & Shehan, J. L. Davis, Harlan, for appellant.

James Sampson, William A. Rice, Harlan, Ben L. Kessinger, Harbison, Kessinger, Lisle & Bush, Lexington, for appellees.

CAMMACK, Judge.

Mitchell Alford, the appellant, sought an award of workmen's compensation for total permanent disability claimed to have resulted from a back injury sustained in 1954 while in the employ of J. A. Jones Construction Company, an appellee. The Workmen's Compensation Board found as a fact that Alford had not sustained a permanent disability as a result of the

alleged injury, and entered an order denying compensation (except for a short period of temporary disability). On appeal to the circuit court the order of the Board was upheld. Alford has appealed from that judgment sustaining the Board.

Because a "subsequent injury" question was involved, the Board appointed a medical panel of two doctors, under KRS 342.121. The sole contention of the appellant is that one of the doctors was not "disinterested," as required to be by the statute, and therefore the case should be remanded to the Board with directions to appoint a new panel and to rehear the case.

The claim that one of the doctors was not disinterested arises from the fact that when the claim was first presented, and before the panel was appointed, the employer's insurance carrier had asked the doctor to make a physical examination of the claimant, on the employer's behalf. Arrangements were made for an appointment, but the claimant did not appear. He telephoned the doctor and said he would not submit to a myelogram examination unless his own doctor could be present. The doctor never saw the claimant at that time, and did not receive any remuneration from the employer or the insurance carrier.

We think it is exceedingly doubtful whether the foregoing circumstances were such as to prevent the doctor from being considered disinterested. However, regardless of this, after the question was raised before the Board as to the doctor's alleged disqualification, the Board appointed another doctor to examine the claimant. Furthermore, the Board did not purport to accept the findings of the panel as conclusive, but based its decision on a weighing of all of the medical testimony in the case, including depositions of the members of the medical panel which were taken at the instance of the employer. A serious question also exists as to whether the claimant made a timely objection to the panel.

Considering all the circumstances, we are of the opinion that the appellant has no just cause to complain that the proceedings before the Board were not fair and proper.

The appellant has filed a motion for an appeal. However, the amount involved obviously is more than $2,500, so we are treating the motion as surplusage.

The judgment is affirmed.