**ALVA COAL CORPORATION, Appellant,**

v.

**Sherman EALY et al., Appellees.**

Court of Appeals of Kentucky.

May 10, 1963.

William A. Rice, Harlan, for appellant.

Julian H. Golden, Pineville, for Sherman Ealy.

J. W. Craft, Jr., Hazard, for Subsequent Claim Fund.

MONTGOMERY, Judge.

The Workmen's Compensation Board found Sherman Ealy to have "a permanent partial disability to the body as a whole of 85% resulting from his injury of June 9, 1960," awarded compensation accordingly against Alva Coal Corporation, and dismissed the claim against the Subsequent Claim Fund. The circuit court affirmed the action of the Board. The employer's appeal presents the question of apportionment of liability between the employer and the Subsequent Claim Fund.

Ealy sought compensation from his employer for a back injury sustained on June 9, 1960. On motion of the employer, the Fund was made a party because Ealy had sustained another back injury prior to June 9, 1960.

Pursuant to KRS 342.121, a medical panel was appointed. The panel report contains the following findings:

"1. Date and nature of each injury suffered prior to date of June 9, 1960. Compression fracture of the body of

lumbar-1 June 1959 resulting in 15% permanent partial disability.

"2. Total percentage of disability which plaintiff was suffering immediately prior to date of June 9, 1960. 15% permanent partial disability.

"3. Percentage of disability resulting from injury of June 9, 1960, assuming that plaintiff had no disability prior to that time. None."

The panel filed a subsequent report which contains the following:

"What I meant to imply by answering question 3 as 'none,' it is my opinion that had this patient not had the first injury, the second injury would not have disabled him to any extent. It is very unusual to have a disc in the area of lumbar-1, however, it would appear that this is a very good explanation in this particular patient. I would think in this case probably we should add another question, titling this 3a; Percentage of disability resulting from injury of June 9, 1960, assuming that the patient had 15% permanent partial disability due to previous injury, 85%."

Ealy was found to be totally disabled. The only medical witness testified: "In other words, if he had not had the first injury, he probably could have tolerated the second injury with very little permanent disability. Let me re-word that. He could have tolerated the stress precipitating that second injury very well."

KRS 342.120(1), as it existed at the time of both injuries, provided:

"If any employee who is permanently partially disabled, whether from a compensable injury or otherwise, receives a subsequent compensable injury by accident resulting in additional permanent disability so that the degree of disability caused by the combined disabilities is greater than that which would have resulted from the subsequent injury alone, and such employee

is entitled to receive compensation on the basis of the combined disabilities, the employer shall be liable only for the degree of disability which would have resulted from the latter injury had there been no pre-existing disability. After the compensation liability of the employer, or his insurance carrier, if any, has been fully discharged, the remaining compensation to which such resulting condition would entitle the employee, less all compensation which the provisions of this law would have afforded on account of the prior disability had it been compensated for thereunder, shall be paid out of the Subsequent Injury Fund provided for in subsection (1) of 342.122 hereof."

The first part of the first sentence of the statute prescribes the conditions under which the employer's liability arises. When such conditions prevail, the extent of the employer's liability is governed by the following:

" * * * the employer shall be liable only for the degree of disability which would have resulted from the latter injury had there been no pre-existing disability."

The effect of this part of the statute is to limit the liability of the employer to such disability as may be attributed to the second injury, exclusive of any disability arising or resulting from the first injury.

To illustrate, the employee may have suffered the loss of a leg or an eye as his second injury. The disability allowable against the employer would be the amount to compensate for such specific loss which should be determined first without regard to any previous disability. If, however, the employee had already lost a leg or an eye so that after the second injury he is without both legs or both eyes and thus totally disabled, the liability of the employer is limited to the amount of compensation allowable for the loss of the single leg or eye. The disability resulting from the combined injuries may be "greater than that which

would have resulted from the subsequent injury alone" of which the employer is "liable only for the degree of disability which would have resulted from the latter injury had there been no pre-existing disability."

In such case, the employer's liability is fixed according to this standard. The Subsequent Injury Fund, now the Subsequent Claim Fund, would be liable for the degree of disability by which it exceeds the degree for which the present employer is liable plus "all compensation which the provisions of this law would have afforded on account of the prior disability had it been compensated for thereunder." In other words, the Fund is liable for the amount by which the amount allowable for the combined disabilities exceeds the total of the two separate disabilities. To illustrate further, the disability attributable to the second injury may be 40%. The prior disability may have been found to be 35%, but "the degree of disability caused by the combined disabilities" may be 100%. In such case, the Fund would then be liable for the difference between 100% and 75%, or 25%. The effect of this is to afford relief to the employee for the combined disabilities without penalty to the employer since the surplus disability would be chargeable to the Fund.

 In the present case, the employee is 100% disabled from the combined disabilities. The judgment and award are erroneous because the disability from the subsequent injury "which would have resulted * * * had there been no pre-existing disability" was fixed at 85%. The method of determining such was in error since the amount of the first disability was subtracted from the combined disabilities. It was also wrong because the medical testimony describes it as very little or no permanent disability had it not been for the first injury and disability; hence, it would not be 85%. Thus, the case must be remanded for the purpose of fixing the amount of disability arising from the second injury without regard to the first disability. Once this disability is established, the Fund

should be held liable for the excess of the degree of disability over and above the determined degree of disability for the second injury added to "all compensation which the provisions of this law would have afforded on account of the prior disability had it been compensated for thereunder." It was error to dismiss the Subsequent Claim Fund.

It should be noted that no question is raised as to the correctness or propriety of fixing the degree of disability from the first injury at 15%.

The judgment is reversed for further proceedings in conformity herewith.