**KERNS BAKERY, Appellant,**

**v.**

**John C. HODGES et al., Appellees.**

Court of Appeals of Kentucky.

March 20, 1964.

Robert L. Milby; Hamm, Taylor & Milby, London, for appellant.

Luker & Luker, London, J. W. Craft, Jr., Frankfort, for appellees.

WADDILL, Commissioner.

Kerns Bakery is appealing from a judgment upholding an award of the Workmen's Compensation Board. The grounds relied on for reversal are that the Board erred: In receiving the report of a physician appointed under an invalid statute, namely KRS 342.121; in failing to apportion the award under KRS 342.120(1) to (4); and in failing to find that the Subsequent Claim Fund was liable for the payment of the award under KRS 342.120(5).

On August 20, 1960, John Hodges sustained an injury to his back which arose out of and in the course of his employment with Kerns Bakery. The accident occurred while Hodges was assisting in lifting a conveyor pan weighing approximately four hundred pounds.

Hodges was unable to work for approximately eight weeks and was paid compensation by Kerns Bakery for temporary total disability during that period. When he returned to work he was wearing a back brace that had been prescribed by his physician. Upon experiencing some difficulty in performing his work he was assigned to less arduous duties at a reduction in wages.

A specialist in orthopedic surgery diagnosed Hodges' injury as a lumbo-sacral strain and was of the opinion that Hodges was permanently disabled to the extent of 30 per cent, 5 per cent of which was due to the injury sustained on August 20, 1960, and the remaining 25 per cent of which was attributable to a pre-existing condition of his back. However, another specialist was of the opinion that Hodges was permanently disabled to the extent of 25 per cent, all of which was due to the injury sustained on August 20, 1960. Upon this evidence a referee of the Board recommended, insofar as pertinent here, that Hodges be awarded compensation on the basis of 25 per cent permanent disability.

Having reviewed the referee's recommendation pursuant to KRS 342.280, the Board found that a medical question was at issue and in accordance with KRS 342.-121 it appointed a physician of its own choosing to make an investigation to determine the amount of Hodges' disability and what portion of it, if any, was attributable to a pre-existing condition. This physician's report to the Board contained, among other things, his conclusion that the injury Hodges sustained on August 20, 1960, resulted in a permanent partial disability of 25 per cent and that no significant disability existed prior to that time. Kerns Bakery filed specific exceptions to the report and upon a submission of the case the Board found, in pertinent part, that Hodges sustained 25 per cent partial permanent disability due solely to the injury he received on August 20, 1960.

In support of its first contention Kerns Bakery urges that KRS 342.121, which provides for the appointment of a physician and governs the probative effect to be given his report, is invalid in that it usurps the function of the Board and does not afford

due process of law because the parties have no opportunity to cross-examine the physician.

■ The statute unquestionably confers upon the Board-appointed physician the authority to initially decide any medical questions at issue. The fact that this function was previously performed by the Board is irrelevant because the Legislature may at any time change the procedure for administering the Compensation Act. General Refractories Co. v. Henderson, 313 Ky. 613, 232 S.W.2d 846. While the statute does permit the Board-appointed physician wide latitude in conducting his medical investigation this fact does not render the statute invalid. As we interpret this statute, if there are no exceptions timely filed to the Board-appointed physician's report it is presumed that the parties accept the report which thereupon becomes conclusive of the medical questions involved. If exceptions are timely made the Board may modify or set aside the report under which circumstance it becomes analogous to a recommendation of the Board's referee and is not controlling on the Board. This opportunity for review, and the judicial review afforded by KRS 342.285 and 342.290, adequately preserve the safeguards of due process of law. Consequently, we find that there is no merit to the contention that KRS 342.121 is invalid.

■ It is further contended that the award should have been apportioned under KRS 342.120(1) to (4). There is no merit to this contention because, aside from the Board-appointed physician's report, there was medical testimony upon which the Board could determine that no pre-existing condition contributed to Hodges' disability.

■ It is finally contended that, since Hodges was re-employed by Kerns Bakery, KRS 342.120(5) requires the compensation thereafter due be paid from the Subsequent Claim Fund. This subsection of the statute is only applicable if the claimant has been re-employed at wages equal to or greater

than those he was receiving before his injury. The fact that Hodges accepted a lower rate of pay soon after his re-employment renders this subsection inapplicable from the date his wages were lowered.

We conclude that the evidence supports the award and the contentions of error are unavailing.

The judgment is affirmed.