ROARING FORK COAL COMPANY and Coal Operator's Casualty Company, Appellants,

v.

Hershel C. WILDER, the Workmen's Compensation Board, and the Subsequent Claim Fund, Appellees.

Court of Appeals of Kentucky.

June 26, 1964.

---

Glenn W. Denham, Middlesboro, for appellants.

J. C. Helton, Pineville, for appellee Hershel C. Wilder.

CLAY, Commissioner.

This is an appeal from a judgment confirming an award of the Workmen's Compensation Board which required the employer to pay benefits to the employee on the basis of total permanent disability. The employer contends that by reason of a pre-existing injury a substantial portion of the employee's claim should have been charged against the Subsequent Claim Fund.

In June, 1961 the employee suffered a back injury in a coal mine accident. Sixteen years before he had a similar accident resulting in a compression fracture of a lumbar vertebra.

Pursuant to KRS 342.121 the Board appointed an orthopedic specialist to examine the employee. He reported that the prior injury had resulted in permanent disability of approximately 10 percent to the body as a whole. The subsequent injury, which is the basis of this claim, he estimated to have caused 20 percent permanent disability to the body as a whole. He concluded that a combination of these disabilities had impaired the employee's occupational capacity so as to cause 100 percent permanent disability.

It is contended the Board, in requiring the employer to pay compensation benefits for 100 percent disability, ignored the provisions of KRS 342.120 and 342.121. We agree.

Taking the last statute first, section (4) thereof provides that an award shall conform to the findings and conclusions in the physician's report so far as restricted to medical questions. In Kerns Bakery v. Hodges, Ky., 377 S.W.2d 88, we held that a physician's report under KRS 342.121, as to medical questions involved, is conclusive if neither party files exceptions thereto. None were filed in this case. Clearly the physician found both a pre-existing injury and a pre-existing disability, and, in combination with the subsequent injury, a disability in excess of the two percentages added together. With these findings, we do not know on what basis the Board could charge the total disability to the employer.

KRS 342.120(3) provides that if two compensable injuries result in additional permanent disability which is greater than that which would have resulted from the subsequent injury alone:

> " * * * the employer shall be liable only for the degree of disability which would have resulted from the latter injury or occupational disease had there been no pre-existing disability or dormant, but aroused diseased condition."

In Alva Coal Corporation v. Ealy, Ky., 367 S.W.2d 833, we held the Subsequent Claim Fund was chargeable with the degree of disability in excess of that caused by the mathematical addition of the two disabilities and that the employer is only liable for the amount of disability arising from the subsequent injury upon which the claim is based.

The judgment is reversed with directions to remand the case to the Workmen's Compensation Board for the entry of an award in conformity with KRS 342.120.