**KENTUCKY WEST VIRGINIA GAS COMPANY, Appellant,**

v.

**Monroe RITCHIE et al., Appellees.**

Court of Appeals of Kentucky.

April 29, 1966.

Richard D. Cooper, Reeves, Barret & Cooper, Hazard, for appellant.

Cordell H. Martin, John Robert Morgan, Hindman, for appellees.

MONTGOMERY, Judge.

This workmen's compensation proceeding was instituted by Monroe Ritchie against Kentucky West Virginia Gas Company to recover permanent and total disability benefits. The Board found that Ritchie failed to give appellant due and timely notice of his injury and that he had failed to sustain the burden of proving that he was suffering from an injury as a result of an accident during his employment by appellant. The circuit court, relying on Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905, remanded the case and directed the Board to award compensation in accord with the medical report of Dr. Allen F. Zoeller filed pursuant to KRS 342.121 (4). It also found that appellant had timely notice of Ritchie's injury. The gas company appeals and urges a failure to prove notice or injury.

The trial court held that the medical report of Dr. Zoeller was controlling and that the Board was bound to follow it. KRS 342.121(4) provides:

"The decision or award in the case shall conform to the findings and conclusions in such report in so far as restricted to medical questions; provided, however, that any such findings and conclusions may be set aside, reversed or modified, by the board's award or decision, in case an application for review is made to the board within ten days after the report is filed with the board and the interested parties notified, subject, however, to the following special provisions; no such findings of the physician shall be subject to review unless specific objections thereto shall be filed with the board by a party in interest within the time limited in which to apply for review of such report."

It is noted that the statute provides that the findings and conclusions of the physi-

cian appointed pursuant to KRS 342.121 are restricted to "medical questions." It specifically provides that "any such findings and conclusions may be set aside, reversed or modified" by the Board in case an application for review with specific objections is made to the report.

The effect of filing or not filing such objections was determined in Kerns Bakery v. Hodges, Ky., 377 S.W.2d 88, as follows:

"As we interpret this statute, if there are no exceptions timely filed to the Board-appointed physician's report it is presumed that the parties accept the report which thereupon becomes conclusive of the medical questions involved. If exceptions are timely made the Board may modify or set aside the report under which circumstance it becomes analogous to a recommendation of the Board's referee and is not controlling on the Board."

This holding was approved in Roaring Fork Coal Company v. Wilder, Ky., 380 S.W.2d 271.

██ In the present case the appellant filed an application for review and specific objections to the report of Dr. Zoeller. In such instance the Board could consider Dr. Zoeller's report with other testimony in the record and was not controlled or bound by Dr. Zoeller's report. The trial court was in error. Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905, was misconstrued.

Appellant urges that the Board's finding, in effect, that Ritchie had failed to prove a compensable disability is sustained by substantive evidence and is conclusive. Ritchie claimed to have sustained an injury by twisting his back in the operation of a jackhammer on or about January 5, 1963, while employed by appellant. His foreman denied that Ritchie complained of the injury at that time. Ritchie testified that he continued in his employment until he was involved in another accident when again thrown by a jackhammer. His then foreman testified that Ritchie told him that he was not injured and that he wanted no report made of the accident. Ritchie admitted this. He continued to work until April 25, 1963, when he voluntarily quit. He later obtained employment in Indiana.

While in Indiana, Ritchie injured his back on May 3, 1963, and was hospitalized for 22 days. He made a claim for workmen's compensation benefits from his employer, Cripp Equipment Company. On August 2, 1963, Ritchie wrote Cripp complaining of his failure to receive compensation benefits.

After Ritchie returned to Kentucky he sought benefits by this proceeding against appellant. There is a conflict in the medical testimony. Dr. Kearns R. Thompson, a specialist in orthopedic surgery, testified that when he made a physical examination and an X-ray examination of Ritchie he found no evidence of back injury attributable to employment by appellant. Dr. John W. Williams, who had treated Ritchie for the claimed back injury in Indiana, testified that Ritchie did not complain of having received a traumatic injury to his back prior to his coming to the state of Indiana.

██ This medical testimony, coupled with the other testimony mentioned, was sufficient to sustain the Board's finding that Ritchie suffered no compensable injury while in appellant's employ. In such case the Board's finding is conclusive. Hardaway Contracting Company v. Mershall, Ky., 362 S.W.2d 491; Horton v. United States Steel Corporation, Ky., 384 S.W.2d 73. When a claimant has failed to convince the Board as a fact-finder that he was disabled by an occupational injury and has failed to show any error as a matter of law, the circuit court and this court are bound by the Board's finding based on substantial evidence. Jewell Ridge Coal Company v. McDowell, Ky., 392 S.W.2d 59.

It is unnecessary to discuss the question of timely notice.

The judgment is reversed with direction to approve the Board's opinion and finding of no compensable injury or disability.