**C. F. REPLOGLE COMPANY, Appellant,**

**v.**

**Dewey McGUIRE et al., Appellees.**

Court of Appeals of Kentucky.

June 17, 1966.

Michael A. Rowady, Winchester, for appellant.

J. Douglas Graham, Campton, for appellees.

Paul Rehm, Versailles, for Workmen's Compensation Bd.

DAVIS, Commissioner.

In this Workmen's Compensation proceeding appellee Dewey McGuire obtained an "open-end" award for total disability, 40% of which was ordered paid by the appellant Replogle Company, his employer, and 60% of which was directed paid by the Special Fund. The appellant employer asks reversal of the circuit court's order affirming the award, and presents two basic claims of error: (1) The Workmen's Compensation Board exceeded its authority by requiring a second medical examination of appellant when no exception had been filed to the report of the first medical examination prescribed by KRS 342.121; (2) the medical evidence does not support the award in any event.

McGuire was injured by electrical shock on September 29, 1962, when the boom of a truck crane came in contact with a high tension wire. A fellow employee, driver of the truck, was electrocuted in the accident. McGuire sustained some burns, one of which resulted in the partial loss of a toe. There is no controversy respecting the award of compensation for the period when he was physically disabled as the result of the burns. As of April 16, 1963, Dr. Robert Davis, a general practitioner who had treated McGuire's physical injuries, pronounced him fit to return to work. But McGuire did not return to work, and had never resumed work (except for sporadic "trial runs") at the time of the award.

During the course of the proceedings before the Board evidence was adduced reflecting that McGuire had had some psychiatric aberration at the close of World War II. He had been placed in a naval hospital dealing with such cases at that time. In light of this, the Special Fund was made party to the proceeding, on motion of the appellant employer. KRS 342.120.

Pursuant to KRS 342.121, the Board ordered that McGuire be examined by Dr. Ludwig H. Segerberg. The Board's order enumerated six specific questions to be answered by the doctor. Dr. Segerberg did examine McGuire, but his report did not undertake to answer the specific questions propounded by the Board. Dr. Segerberg is a specialist in the field of neurology, but does not specialize in psychiatric medicine. The concluding paragraph of Dr. Segerberg's report relates:

"CLINICAL IMPRESSIONS: Historically this patient did seem to have sustained an electrical burn and certainly he has scar of such a burn. At the present time he does not have any evi-

dence of organic neurologic pathology and is completely clear in this respect. There is certainly every evidence to indicate, however, that this man is quite sick psychiatrically. I do not feel confident (sic), however, to make a diagnosis of his psychiatric problem, but certainly feel that such a situation exists. From an organic neurologic standpoint he had no evidence of abnormalities."

Appellee McGuire did not file any exception to the report of Dr. Segerberg as provided by KRS 342.121(4). Despite this the Board ordered a re-examination of McGuire by Dr. Warren M. Cox, a psychiatrist. In the Board's opinion filed incident to ordering the re-examination it was erroneously stated that exceptions had been filed to Dr. Segerberg's report. The same opinion pointed out that Dr. Segerberg's report " * * * is not of any value to the Board * * *" because it was based on a neurological examination. The opinion candidly recited that the Board " * * * erred in appointing a neurosurgeon to examine the plaintiff, but instead should have appointed a psychiatrist, KRS 342.120."

■ It is the appellant's contention that since McGuire filed no exception to the report of Dr. Segerberg he is bound " * * * to Dr. Segerberg's report which gives him no disability rating." Appellant relies on Alford v. J. A. Jones Construction Company, Ky., 313 S.W.2d 867; Roaring Fork Coal Company v. Wilder, Ky., 380 S.W.2d 271; Kerns Bakery v. Hodges, Ky., 377 S.W.2d 88, and Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905. We think it is apparent that the cited decisions teach that when no exception is filed to complete and conclusive medical reports furnished by the Board-appointed doctor, it is presumed that the parties accept the report and it is final and conclusive of medical questions. But the same decisions stand for the proposition that when the medical report is not complete and conclusive, the Board has the right (in fact, "no alternative") to fall back on the other

evidence in the case. See Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905, 907. We think it is apparent that Dr. Segerberg's report was neither complete nor conclusive of the medical questions posed to him. Hence the Board was not "bound" by Dr. Segerberg's report.

■ The question remains whether the Board had the right to appoint another doctor pursuant to KRS 342.121 after it had already appointed Dr. Segerberg. We hold that the Board did have such right. We think it would require strained reasoning to construe KRS 342.121 as inexorably shackling the Board's power to appoint a doctor specially trained in the field of medicine at issue, merely because it had inadvertently appointed a doctor for the purpose whose particular specialty did not encompass the medical problem to be resolved. It is conceivable, though unlikely, that the Board could inadvertently name a dentist, a veterinarian, or a chiropodist upon the mistaken belief that the doctor was a trained internist. We suppose it would not be argued that the parties and the Board should be "bound" by the report of such individual, even though no exception was filed. After all, one vital purpose to be served by the appointment of the doctor is to afford the Board an opportunity to have the benefit of the evidence from a skilled professional. When the report received is inconclusive or unresponsive, the Board is not "bound" by it, and no logical reason appears why the Board's power to seek such assistance is forever lost because of an erroneous designation of a doctor not trained in the field under consideration.

■ It is argued that in any event the medical evidence does not support the Board's finding that McGuire is totally disabled. We cannot accept that contention in face of the medical evidence that McGuire does suffer from a psychiatric condition which renders him unstable and unfit for employment in his present condition. The report of Dr. Segerberg, while not un-

dertaking to explore in depth the psychiatric problem, specifically recognizes that McGuire "is quite sick psychiatrically." Dr. Segerberg's general training as a physician qualified him to make that observation. That same view was substantially affirmed by two doctors trained in psychiatry. Appellant filed exceptions to the report of Dr. Cox, so it was not conclusive, but it did contain evidence sustaining the Board's finding. It is true that other evidence by doctors could have persuaded the Board to an opposite view, but the Board was not so persuaded. The rationale of Lee v. International Harvester Co., Ky., 373 S.W.2d 418, is applicable here.

Appellant lists "other errors" in the record, which are characterized as "mere knickknacks." We so regard them and accord them no significance.

The judgment is affirmed.