John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,

v.

WHITE DEER COAL COMPANY, G–I Hite Preparation Company, Turner Elkhorn Mining Company, Thurman Akers and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

May 9, 1969.

Martin Glazer, Dept. of Labor, Thomas R. Emerson, Atty. for Special Fund, Dept. of Labor, Frankfort, for appellant.

G. C. Perry, III, Perry & Greene, Paintsville, for appellee Thurman Akers.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, for appellee White Deer Coal Co., G-I Hite Preparation Co. and Turner Elkhorn Mining Co.

CULLEN, Commissioner.

The Workmen's Compensation Board, in awarding compensation for total permanent disability to Thurman Akers, found that his disability was due solely to an accident in the course of his employment and no part of the disability was due to the arousing into disabling reality of a preexisting condition. Accordingly the board directed that the employer pay all of the compensation. On appeal by the employer to the circuit court judgment was entered setting aside the board's order and remanding the case to the board with directions to enter an order apportioning the liability for the compensation, 35% to the Special Fund and the remaining 65% to the employer. The Special Fund is appealing from that judgment.

There was a conflict in the testimony of Akers' doctors and of those who had examined him for the employer, as to the existence and effect of a preexisting condition, so the board appointed Dr. Kenton D. Leatherman as an independent doctor under KRS 342.121. The problem in this case arises out of the fact that Dr. Leatherman in his formal report stated that none of Akers' disability was due to a preexisting condition, but upon being cross-examined on the taking of his deposition after exceptions had been filed to his report, changed his mind and said that 35% of the disability should be apportioned to a preexisting condition. It appears that the change of mind occurred after he was shown some x-rays taken by one of Akers' doctors a few days after the accident, and had read the deposition of that doctor. The Special Fund moved to strike Dr. Leatherman's deposition on the ground that his examination of the x-rays and his reading of the deposition of Akers' doctor was improper. The board sustained the motion and struck the deposition. The board, in its final order and award, followed Dr. Leatherman's *report* in which he had found no basis for apportionment. The circuit court, on the appeal to it, concluded that it was proper for Dr. Leatherman to see the x-rays and to read the deposition of Akers' doctor; that Dr. Leatherman's "enlightened" testimony should be considered to

represent his true opinion and evaluation; and that the board was required to accept the apportionment therein made by Dr. Leatherman.

At the time the initial motion was made for appointment of an independent doctor the employer moved that the depositions of the treating physicians be furnished to the appointed doctor. However, the board did not sustain that motion. When Dr. Leatherman submitted his report the employer excepted to it on the ground that the history on which the report was based was not consistent with the history otherwise appearing in the record and that Dr. Leatherman could not properly evaluate the pre-existing condition without having a full, complete and true history. The employer then moved that another independent doctor be appointed to examine Akers and that the new doctor be furnished with the depositions of the treating physicians. The employer further asked permission to take the deposition of Dr. Leatherman. The board overruled the motion to appoint a new doctor but granted permission to take the requested deposition.

■ It is our opinion that the circuit court correctly concluded that the board erred in not allowing the depositions of the other physicians, and the x-rays taken by them, to be furnished to Dr. Leatherman when he made his examination of Akers, and in not allowing those depositions and x-rays to be considered by Dr. Leatherman when his deposition was taken. The statute, KRS 342.121(3), states that the appointed doctor, in his report, shall include a statement "indicating the physician or physicians, if any, who appeared before them, and what, if any, medical reports and x-rays were considered by them." Plainly the statute contemplates that the appointed doctor shall have the benefit of the opinions, reports and x-rays of other physicians who have examined the employe.

■ Since Dr. Leatherman had been denied the opportunity to see the other doc-

tor's depositions and the x-rays taken by them at the time he was examining Akers, we think it was proper for the employer to exhibit them to him when taking his deposition. And when, pursuant to the exceptions to Dr. Leatherman's report, it was brought out on cross-examination of the doctor that his opinion now was directly contrary to that expressed in his report, the board should have sustained the exceptions.

■ The appellant argues that the exceptions filed to Dr. Leatherman's report were not sustainable because they were not "specific" as required by KRS 342.121(4). Of course the whole object of appointing an independent doctor was to determine the question of apportionment. The doctor reported that there was no pre-existing condition on which an apportionment should be made. The exceptions stated in substance that the finding of no pre-existing condition was not valid because the doctor did not have a full, complete and true medical history of the claimant. We think, particularly in the light of the previous motion by the employer that Dr. Leatherman be given the other medical information in the record, that the exceptions were specific enough. Cf. Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403.

■ While it is our opinion that the board should have sustained the exceptions to Dr. Leatherman's report, it does not follow that the board was required to accept, as binding, Dr. Leatherman's apportionment given in his *deposition*. In this respect, in directing the board so to apportion the award, the circuit court erred.

■ KRS 342.121(4) provides in substance that the findings and conclusions in the independent doctor's *report* shall be binding on the board as to medical questions, but such findings and conclusions may be set aside, reversed or modified upon filing of an application for review setting forth specific objections. The construction we have placed upon this provision is that if exceptions are sustained to the report the independent doctor's find-

ings and conclusions lose their binding force and simply constitute acceptable evidence of the same status as that of medical witnesses offered by the parties. See Kerns Bakery v. Hodges, Ky., 377 S.W.2d 88; Roaring Fork Coal Co. v. Wilder, Ky., 380 S.W.2d 271; Kentucky West Virginia Gas Co. v. Ritchie, Ky., 402 S.W.2d 704; Belknap Hardware & Mfg. Co. v. Brown, Ky., 402 S.W.2d 848.

The case should have been remanded to the board with directions to redetermine the question of apportionment upon the basis that neither Dr. Leatherman's report nor his deposition was binding, but that his deposition should be weighed as other evidence.

The judgment is reversed with directions to enter judgment in conformity with this opinion.

All concur.