**JOHNSON DRILLING & TRUCKING CO.,
Appellant,**

v.

**Denver JOHNSON, Special Fund et al.,
Appellees.**

Court of Appeals of Kentucky.

March 27, 1970.

**390**

Richard D. Cooper, Reeves, Barret, Cooper & Ward, Hazard, for appellant.

Clark Pratt, Grayson, Johnson, Hindman, for Denver Johnson.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for Special Fund.

WADDILL, Commissioner.

The principal question on this appeal is whether the Knott Circuit Court erred in directing the Workmen's Compensation Board to permit appellee, Denver Johnson, to take the deposition of the physician who was appointed pursuant to KRS 342.121 for the purpose of investigating and reporting to the board the medical questions involved.

Denver Johnson sustained an injury to his back on July 2, 1966, which allegedly arose out of and in the course of his employment with the appellant, Johnson Drilling and Trucking Company, hereinafter referred to as Drilling Company. Subsequently, Johnson filed an application with the Workmen's Compensation Board asking for workmen's compensation benefits from his employer.

The medical evidence was in irreconcilable conflict concerning the extent and duration of Johnson's disability. The Special Fund was made a party-defendant pursuant to KRS 342.120. Doctor T. R. Miller, who was appointed by the board under the provisions of KRS 342.121, examined Johnson and made the following report to the board by letter dated June 28, 1967:

"The only significant injury prior to July 2, 1966, consisted of a fracture of the right knee cap, which would be calculated to have produced a permanent disability of no more than five percent to the body as a whole; (2) total percentage of disability immediately prior to July 2, 1966, five percent to the body as a whole; (3) no significant dormant non-disabling disease or other condition existed prior to July 2, 1966; (4) I failed to see how the injury of July 2, 1966, could have produced any significant disability; (5) present percentage of disability now estimated at five percent to the body as a whole."

Johnson timely filed specific objections to the report of Doctor Miller, as permitted

by KRS 342.121(4), claiming, among other things, that the report was incomplete and ambiguous. Johnson's request to cross-examine Doctor Miller was denied by the board.

The board found that Johnson had sustained temporary disability and awarded him compensation for sixteen weeks. The board further found that Johnson had failed to establish that the Special Fund was liable for any portion of the award.

Johnson filed a petition for review of the board's findings and award in the Knott Circuit Court pursuant to KRS 342.285. The grounds relied on were that:

"The Board acted without and in excess of its powers; (2) the decision and award is not in conformity to the provisions of KRS, Chapter 342; (3) the award is clearly erroneous on the basis of the reliable, probative and material evidence contained in the whole record; and (4) the decision and award is arbitrary and capricious and characterized by abuse of discretion and is clearly an unwarranted exercise of discretion upon the part of the Board.".

The circuit court questioned the findings and award of the board and remanded the case to the board with directions that Johnson be allowed either to take the deposition of Doctor Miller or to cross-examine him concerning his examination of Johnson.

The Drilling Company has filed an appeal with this court and contends, in summary, that the circuit court erred as a matter of law in remanding the case to the board for further procedure. The Special Fund, an appellee, has filed a brief in which it agrees with the contention of the Drilling Company. Johnson, in seeking to affirm the judgment, contends, in summary, that the board erred in depriving him of an opportunity of taking Doctor Miller's deposition or to cross-examine him, and that the board's findings and award are erroneous as a matter of law.

The circuit court judgment in pertinent part reads:

"* * *. It is therefore ordered and adjudged by the court that this cause be and it is hereby remanded to the board for further proceedings; that the plaintiff [Johnson] be permitted to take the deposition of and cross-examine Doctor T. R. Miller with reference to his statements and findings in his letter of June 28, 1967. And that this case then be resubmitted for final opinion and award upon all the evidence introduced in the case."

█ Since Johnson timely filed specific objections to the report of Doctor Miller the board could reject the conclusiveness of the report and consider it as advisory and give it such weight as, in the exercise of a reasonable discretion, the board thought it deserved. Belknap Hardware & Mfg. Co. v. Brown, Ky., 402 S.W.2d 848 and Kerns Bakery v. Hodges, Ky., 377 S.W.2d 88. However, the board was required to consider all relevant evidence to determine the extent and duration of Johnson's disability and if the evidence required it, to make an apportionment pursuant to KRS 342.120. We observe from the opinion and findings of the board that it placed great emphasis upon Doctor Miller's report and attempted to follow Doctor Miller's conclusions concerning the extent and duration of Johnson's disability.

█ We agree with the circuit court that Doctor Miller's report was ambiguous and failed to answer the questions that had been sought from him by the board. Also, the medical testimony, including the opinion expressed by Doctor Miller in his report to the board, indicated that an apportionment problem is involved in the case and the findings and conclusions reached by the board did not adequately dispose of it under KRS 342.120.

Under the circumstances presented, including the fact that the board gave unusual weight to the nonconclusive ambiguous

medical report of Doctor Miller, we believe that the board acted unreasonably in failing to give Johnson an opportunity to take the deposition of Doctor Miller so as to establish with some degree of certainty the medical reasons upon which Doctor Miller based his opinions and conclusion.

The judgment is affirmed.

All concur except OSBORNE, J., dissenting.

OSBORNE, J., dissents from so much of the opinion as grants a claimant the right to examine a doctor appointed under KRS 342.121, as the doctor in this situation is performing a quasi judicial function.