**Paul JUSTICE, Appellant,**

v.

**WALNUT HALL FARM et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 22, 1971.

C. Kilmer Combs, Combs & Anderson, Pikeville, for appellant.

E. R. Hays, Baird & Hays, Pikeville, for appellee Walnut Hall Farm.

Thomas R. Emerson, Martin Glazer, Dept. of Labor, Frankfort, Gemma M. Harding, Louisville, for John W. Young, Com'r., etc. (Special Fund).

J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for Workmen's Compensation Bd.

STEINFELD, Judge.

Appellant Paul Justice was injured when he fell from a truck while working for Appellee Walnut Hall Farm. He applied for benefits under the Workmen's Compensation Act, claiming total and permanent disability. The Special Fund having been made a party, the Board, acting pursuant to KRS 342.121, appointed a physician to examine the claimant and report. The

doctor, in answer to the questions propounded, stated that Justice had no disability which resulted " * * * from his alleged injuries of June 17, 1968 * * * " There was medical proof to the contrary. No objections were filed to the report. The Board denied benefits except for a short period of temporary total disability and for medical expenses. Justice appealed to the circuit court, which affirmed. He appeals here. We affirm.

Justice complains that the Board ignored evidence which it should have followed and that the physician appointed was a specialist unqualified to assess the ailment from which Justice was suffering. He relies on C. F. Replogle Company v. McGuire, Ky., 405 S.W.2d 201, in which the appointed physician declared "(t)here is certainly every evidence to indicate, however, that this man is quite sick psychiatrically. I do not feel confident (sic), however, to make a diagnosis of his psychiatric problem, but certainly feel that such a situation exists. From an organic neurologic standpoint he had no evidence of abnormalities." No exceptions were filed to the report, but the Board ordered a reexamination for the reason that it had " * * * erred in appointing a neurosurgeon to examine the plaintiff, but instead should have appointed a psychiatrist, KRS 342.120." We held that because the first appointed physician's report was inconclusive it was not only proper but the duty of the Board to appoint another physician. Here the appointed physician's report was responsive to all questions propounded and did not indicate that any further medical investigation was indicated. This case was tried before the 1970 amendment to KRS 342.121(4). Objections under the applicable statute would have put these complaints in issue, but none having been filed Justice cannot be heard to protest. Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403 (1968); Young v. Gardner Oldsmobile, Inc., Ky., 464 S.W.2d 802 (1971).

By amendment to KRS 342.121(4) the 1970 General Assembly abolished the necessity of filing exceptions to the report of the Board-appointed physician. Appellant argues that this amendment should be given retrospective application to this case which was tried shortly before the effective date of the amendment. Ky.Const., § 55, grants to the law-makers the power, under emergency circumstances, to declare that an act shall become effective before the usual date. That section provides when in the absence of such declaration each act shall become effective. The legislature did not declare that an emergency existed. "As a general rule, statutes operate prospectively rather than retrospectively, and they will not be given a retroactive effect even where the Legislature has power to enact them, unless such an intention clearly and unmistakably appears from the statute itself. Dean v. Board of Education of Harrodsburg, 247 Ky. 553, 57 S.W.2d 477; Greene v. Frankfort Distillery Co., 209 Ky. 427, 273 S.W. 28." Webster County Board of Education v. Hocket, 267 Ky. 498, 102 S.W.2d 1018 (1937). Also see 82 C.J.S. Statutes § 414, p. 981. The amendment did not apply to this litigation. Cf. Boggs v. Com., 134 Ky. 500, 121 S.W. 433 (1909).

The judgment is affirmed.

All concur.