**John L. SNYDER et al., Individually, etc., Appellants,**

v.

**CITY OF OWENSBORO, Kentucky, et al., Appellees.**

Supreme Court of Kentucky.

June 10, 1977.

Rehearing Denied Oct. 7, 1977.

Charles S. Wible, Lovett, Wible & Lamar, Owensboro, for appellants.

Hugh D. Moore, Moore & Moore, Owensboro, Earl Cornett, Gen. Counsel, Dept. of Labor, Frankfort, E. H. Tingle, Asst. Counsel, Dept. of Labor, Louisville, for appellees.

JONES, Justice.

This litigation involves a dispute between the firemen of Owensboro and the City of Owensboro and its officers.

The firemen seek to reverse a judgment dismissing their action challenging the validity of two ordinances of the City of Owensboro adopted June 14, 1974. The ordinances established hourly wage rates for members of the City's Fire Department.

The Kentucky Department of Labor by its acting commissioner moved the court for leave to intervene as a plaintiff. The motion for leave to intervene was sustained without objection. No appeal from the trial court's judgment holding the ordinances valid was prosecuted by the Kentucky Department of Labor.

As grounds for reversal the firemen contend: (1) the trial court erred in holding ordinances Nos. 91–74 and 94–74 valid because they are in conflict with and violate KRS 84.010, KRS 337.285, KRS 95.500(3), and KRS 95.450; (2) the trial court erred in holding the ordinances valid because they unilaterally reduced the hourly rate of the firemen in order to avoid paying additional compensation for overtime work as required by KRS 337.285; (3) that the trial court erred in holding the ordinances valid because they were enacted by the City Commission of Owensboro in order to circumvent and evade superior laws, and that the ordinances are void as having been enacted in bad faith.

The ordinances in question established the hourly rates of pay for the firemen at such level so that after July 1, 1974, the effective date of KRS 337.285, the firemen would receive as total compensation for regular and overtime work, what they had previously been paid as a salary plus an 8% across-the-board increase granted the city's employees. It is obvious that the Board of Commissioners of the City of Owensboro did not "hide their light behind a bushel" in adopting the ordinances.

The pertinent portion of Ordinance 91–74, later supplemented by 94–74, which established the hourly wages for firemen, indicates no devious design to do the firemen injustice. The portion of the ordinance that indicates as much reads as follows:

*WHEREAS, there is a possibility that Legislation of the 1974 General Assembly known as House Bill 477 has application to some nonsupervisory members of the City's Fire Department, it not being altogether clear that members of the Fire Department are exempted as professional employees, and,*

*WHEREAS, House Bill 477 provides for pay at 1½ times the regular rate for all hours in excess of 40 worked by a covered employee in one week,* and

WHEREAS, by virtue of KRS 95.500, members of the Fire Department are required to be given work schedules whereby they are on duty for twenty-four consecutive hours and off duty for the following 48 hours, and

WHEREAS, it is deemed advisable to compute the hourly wages of firemen so that they will be compensated in full compliance with the provisions of House Bill 477, and

WHEREAS, Section 6–33 of the Code of Ordinances provides for longevity pay for each employee of the City including firemen who have been in the employ of the City for in excess of four years the amount of such longevity pay being broken into five categories depending upon length of employment, and

WHEREAS, in order to take account of varying longevity pay for each rank within the Fire Department, five hourly rates for each rank must be established,

SECTION 1. The regular hourly wage rate, including base pay and longevity pay, for members of the Fire Department is set and established as herein specified. The rate specified under "(a)" for a rank is the rate for those member of the department holding such rank who have been in the employment of the city for less than 4 years, the rate specified under "(b)" is the hourly rate for those holding the specified rank who have been in the employ of the city for from 4 to 8 years, "(c)" is for those employed from 8 to 12 years, "(d)" is for those employed from 12 to 16 years, "(e)" is for those employed from 16 to 20 years and "(f)" is for those employed for 20 years or over." (Emphasis added).

Thereafter the rates of pay for the firemen are set out in detail. Ordinance 94–74 did nothing more than implement Ordinance 91–74 by establishing regular hourly wage rates for recruits.

Prior to the enactment of the ordinances an hourly wage rate for a fireman's work had not been established and firemen were compensated on a straight salary basis. The lowest hourly wage set by the ordinances for any fireman is much higher than the minimum hourly rate specified in KRS 337.275(1).

The firemen concede that the Board of Commissioners of the city are vested with authority to establish hourly wage rates for firemen. However, they contend that KRS 337.285 required the Board of Commissioners to determine a regular hourly wage rate for each fireman on a weekly basis by dividing the number of hours a fireman works in a particular week into his pay for that week. The firemen contend that in order to determine the total pay a fireman is due for a particular week would require the city to multiply the hourly rate by dividing the hours worked in a week into the overall pay for that week, and then add to that sum the figure obtained by multiplying one and one-half times the hourly rate by the number of hours worked in a week in excess of 40. It is argued by the firemen that the hourly wage rate established by the ordinances did not grant the firemen an increase in overall compensation after the overtime provisions of KRS 337.-285 became effective. The firemen insist the action by the Board of Commissioners resulted in a fictitious rate in violation of the provisions of KRS 337.285. In essence the firemen contend that the trial court, by retroactive application of KRS 337.285 should have voided the ordinances because the wage rates it established were not in conformity with the formula proposed by the firemen to comply with the provisions of KRS 337.285.

In support of their argument the firemen cite as authority numerous federal cases. The court has examined the cases cited in support of their position. None of them bolster the argument the firemen advance in this case.

The court is of the opinion that the formula advanced by the firemen is correct. However, the ordinances fixing the hourly pay scale for the firemen were adopted on

June 14, 1974. The effective date of KRS 337.285 was July 1, 1974. The firemens' argument that Ordinances 91–74 and 94–74 are invalid for failure to comply with the provisions of KRS 337.285 is futile. How can an ordinance or ordinances be invalid prior to the effective date of the statute? In order for the trial court to have declared the ordinances void would require a non-permissible retroactive application of KRS 337.285. This court has held in a number of cases that:

> "As a general rule statutes operate prospectively rather than retrospectively, and they will not be given a retroactive effect even where the Legislature has power to enact them, unless such an intention clearly and unmistakably appears from the statute itself." See *Justice v. Walnut Hall Farm, et al.*, Ky., 475 S.W.2d 905 (1971).

This court has considered the other contentions of error made by the firemen and is of the opinion they have no merit.

The judgment is affirmed.

All concur.