M. C. MILLER, Ron Coy and Don Hudson, Individually and as Representatives of a Class Consisting of Members of the Fire Department of Lexington-Fayette Urban County Government, Appellants,

v.

LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, H. Foster Pettit, Mayor, Councilmen William Hoskins, William Ward, Joe Jasper, Pam Miller, Cecil Frost, Bill Carey, Bart Peak, Scotty Baesler, Bob Finn, O. M. Travis, Don Blevins, Jack Hall, Tony Curtsinger, Paul Rose and J. Fara Vanmeter, Appellees.

Court of Appeals of Kentucky.

Oct. 21, 1977.

John Frith Stewart, Kenneth L. Sales, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for appellants.

Richard V. Murphy, James T. Hodge, Charles D. Weaver, Jr., Dept. of Law, Lexington, for appellees.

Before PARK, WHITE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This is a class action instituted by the appellants, who are firefighters employed by the Lexington-Fayette Urban County Government, on June 20, 1974, petitioning the trial court to restrain and enjoin the Urban County Government, the appellees, from enacting and enforcing Ordinance 110–74 on the grounds that it conflicted with KRS 337.285, otherwise known as House Bill 477. The request for a temporary injunction was denied. The ordinance in question was introduced, read publicly on June 19, 1974, and approved on June 20, 1974, but was not published until June 26, 1974. The trial court overruled the appellants' motion for summary judgment and entered a summary judgment for the appellees. This appeal followed.

The Supreme Court of Kentucky, in the cases of *Snyder, et al v. City of Owensboro, et al*, Ky., 555 S.W.2d 246, and *Walker, et al v. City of Paducah, et al* and *George R. Wagoner, etc. v. City of Paducah, et al*, Ky., 552 S.W.2d 660, opinions rendered June 10, 1977, found that similar ordinances which were properly adopted prior to the effective date of House Bill 477, KRS 337.285, which was June 21, 1974, were not in conflict with the statute. The Supreme Court held that there could be no retroactive application of the statutes so as to void ordinances adopted prior to the effective date of the statute. This Court finds that the appellants' arguments here are not persuasive in challenging the decisions referred to above. Therefore, the crucial question to be decided in

this case is whether the ordinance complained of was in fact properly passed prior to the effective date of the statute.

The specific issue is whether the trial court erred in granting a summary judgment.

The judgment of the trial court is affirmed. There is no genuine issue as to any material fact and the appellees are entitled to a judgment as a matter of law. CR 56.03.

The principal question properly before this Court is the timing of the publication of the ordinance in question.

The record indicates that the City of Lexington had been operating as a second class city with the city manager form of government pursuant to KRS 89.-390. The Urban County Government was permitted to exercise all powers and privileges possessed by that specific form of government. K.R.S. 67A.040. KRS 89.545 governs the publication of ordinances and provides, in part, that within ten days after the adoption of an ordinance it shall be published. The appellants argue that KRS 84.100(6) requires that no ordinance shall be effective until it is published. However, KRS 89.400 provides that upon the adoption of the city manager form of government in cities of the second class all laws that are applicable shall continue to apply, except where there are inconsistent provisions. Clearly, KRS 89.545 is inconsistent with and nullifies the effect of KRS 84.100(6). In this specific instance the ordinance provides that it is to become effective immediately upon its passage on June 20, 1974. Such a provision is entirely within the purview of the legislative branch of government.

It is well settled that publication is necessary before an ordinance can become effective only when the statute expressly requires such publication. The opposite result has been reached where the statute does not so provide. *City of Newport v. Newport National Bank*, 148 Ky. 213, 146 S.W. 377 (1912). In that case the court said that provisions with reference to publication of ordinances can be merely directory where publication is not made a prerequisite to the taking effect of the ordinance. This is not the type of ordinance which requires legal notice to the public. Since KRS 89.545 says that the ordinance shall be published within ten days after its adoption, it is clear that the ordinance became effective June 20, 1974, the date of its passage.

The ordinance is not in conflict with KRS 337.285 because it became law prior to the effective date of the statute. The state law requires the appellee to pay a minimum hourly wage rate and to pay time and one-half for hours worked in excess of forty each week. The ordinance accomplished that purpose. It did not decrease the income of the firefighters. Its only effect was to change from a monthly salary to an hourly rate. KRS 337.285 cannot be given retroactive effect so as to invalidate an ordinance that is otherwise properly enacted prior to the effective date of the statute.

Under Section 9.04 of the Urban Government Charter, the appellees had sufficient authority to enact the ordinance. It appears that the wage rates authorized by the ordinance exceed the minimum requirements of the statute and comply with the overtime requirements. The ordinance was enacted prior to the effective date of the statute and prior to the promulgation of regulations by the Department of Labor.

The appellants' arguments relative to the computer printout are not persuasive since it is a well settled rule that any unit of government speaks only through its official documents. In this instance, the appellees only official document is the ordinance which establishes salaries. Prior to the adoption of the subject ordinance, appellants were not paid on an hourly basis and therefore no hourly rate had been established. The contention that the hourly rate of pay was reduced is without merit.

The action of the appellee does not violate KRS 95.450. The record clearly indicates that the appellees' action was not disciplinary in nature and in fact was not a

reduction as contemplated by the disciplinary statute.

In this instance the record indicates that the ordinance was properly adopted pursuant to applicable Kentucky law. The local government has authority to fix hourly rates of pay for firefighters. The ordinance in question did not decrease the income of the appellants and its only effect was to change such income from a monthly salary to an hourly rate. The rates involved exceed the minimum requirements of the statute and otherwise comply with it.

Therefore, the trial court was correct in granting summary judgment for the appellees.

All concur.