**MARY HELEN COAL CORP.**

v.

**BIGELOW et al.**

Court of Appeals of Kentucky.

Feb. 19, 1954.

James Sampson, Edward G. Hill, Harlan, for appellant.

Julian H. Golden, Pineville, for appellees.

DUNCAN, Justice.

This appeal is from a judgment affirming the Workmen's Compensation Board in its award to appellee computed upon the basis of 62.5% partial permanent disability to the body as a whole. Appellant insists that certain testimony admitted by the Board was incompetent and without considering such testimony the evidence is insufficient to support the award.

The appellee claims to have been injured on June 13, 1950, while working as a track man in appellant's mine. He says that he turned a 30-foot steel rail, weighing 40 pounds to the yard, out of a pile of rails; that he had picked up the lower end which he was fixing to throw into the main line track and while in the process of lifting he felt a flash and momentarily lost consciousness. He states that when he recovered consciousness he was down on the track and the rail was sticking up in the air, with George Dean, appellant's foreman, standing on the end. After his alleged injury, appellee went to the camp doctor and told him of the accident. The doctor corroborates appellee in this statement but says that he treated him only for rheumatism. From June 13, 1950, appellee worked at irregular intervals until May 2, 1951, when he went to work loading coal.

Appellant denies that any such accident occurred. The other employees working

with appellee on the date of the injury heard no statement indicating that had received an injury, and George Dean denies that he stepped on the end of the rail. There is evidence that appellee had occasionally complained of pain in his back since as early as 1944 and that he wore a large leather belt as a back support.

Appellee introduced as a witness in his behalf Dr. James S. Golden, Jr., of Pineville, Kentucky, who testified that he made a physical and X-ray examination of appellee's back. He stated that in his opinion appellee was suffering from a ruptured intervertebral disc, which is a rupture of the cartilaginous disc between two vertebrae, which sometimes presses on the nerve at the point of rupture, thereby causing pain. He expresses the opinion that as a result of this condition appellee is 100% totally and permanently disabled. He admits, however, that it is not possible to make a positive diagnosis based upon an X-ray film without injecting oil in the spinal canal, which is opaque to the film and escapes into the area of rupture. In his testimony, Dr. Golden repeats some of the history and subjective symptoms related to him by the patient, but the Board properly sustained an objection to this testimony.

Dr. Golden testified that the symptoms upon which he based his diagnosis were largely subjective. He further admits his examination was made for the purpose of testifying rather than prescribing treatment for the condition which he found. Appellant asserts that these admissions bring the testimony squarely within the rule announced in Chesapeake & O. Ry. Co. v. Wiley, 134 Ky. 461, 121 S.W. 402. Upon the authority of that case, it is insisted that the testimony is incompetent and cannot be considered in measuring the sufficiency of appellee's evidence.

Some of the language of the Wiley opinion would indicate the rule which appellant urges. However, it is apparent from a careful reading of the opinion that it goes no further than holding that a physician who has not treated an injured party but who has made a physical examination solely with a view of testifying as an expert may not express an opinion based upon subjective symptoms alone and then be allowed to fortify his opinion by stating acts of the injured party, which could have been purely voluntary and which may rest on no other basis than the truthfulness of the injured party.

The later case of Stearns Coal & Lumber Co. v. Williams, 177 Ky. 698, 198 S.W. 54, points out that the rule announced in the Wiley case does not preclude a physician from expressing an opinion based upon subjective symptoms of the patient, although the examination was made solely for the purpose of becoming a witness. The correct rule, consistently applied in these and other cases, is that a physician whose examination is made for a purpose other than treatment may express an opinion as to the patient's physical condition and degree of disability although the opinion is based upon subjective symptoms alone, but he may not relate statements or voluntary acts of the patient as a means of bolstering his testimony. If the physician is consulted for the purpose of prescribing treatment, he may relate the statements and voluntary acts of the patient as well as express an opinion based upon such statements and acts. Chicago, St. L. & N. O. R. Co. v. Rowell, 151 Ky. 313, 151 S.W. 950; Equitable Life Assur. Soc. of United States v. Spencer, 262 Ky. 478, 90 S.W.2d 704; and Greer v. Richards' Adm'r, 273 Ky. 91, 115 S.W.2d 568.

The Board excluded that portion of Dr. Golden's testimony which related to statements and acts of appellee. The remaining portion of his testimony relates to his findings and conclusions, based upon objective and subjective symptoms. We think it was clearly competent under the rule which we have indicated.

The medical testimony is in substantial agreement that appellee has some disability due to the condition of his back. There is sharp disagreement concerning the extent of the disability and whether or not it is the result of an injury arising out

of and in the course of his employment. Dr. Golden fixed the degree of disability at 100%, and appellant's doctors at 25%. The figure of 62.5%, fixed by the Board, is the average between these two opinions.

 On the question of whether the disability is the result of an injury or from a pre-existing condition, the evidence is conflicting. Appellee positively testifies to an injury, and although admitting occasional back pains on previous occasions, he says this condition was neither disabling nor continuously painful. On the whole, we think there was substantial evidence both as to the injury and extent of disability to support the Board's award.

The judgment is affirmed.