**Margaret CHEAK, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF MENTAL HEALTH et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 17, 1967.

Rehearing Denied May 12, 1967.

John R. Elfers, Covington, for appellant.

Robert Matthews, Atty. Gen., Frankfort, Elwood Rosenbaum, Rosenbaum & Sullivan, Lexington, for appellees.

WADDILL, Commissioner.

In proceedings initiated by Margaret Cheak to obtain Workmen's Compensation from her employer, Commonwealth of Kentucky, Department of Mental Health, the Workmen's Compensation Board found that she "failed to prove that she received a traumatic injury by accident arising out of and in the course of her employment with the defendant that caused or brought about or contributed to the cerebral hemorrhage which she suffered on October 10, 1964." The board's order denying her compensation was upheld by the circuit court and she has taken an appeal to this court.

Mrs. Margaret Cheak, age 57, was employed as a nurse's aide at the Frankfort State Hospital and School, which is operated by the Department of Mental Health. The testimony introduced in her behalf shows that on September 20, 1964, she was struck in the face, knocked to the floor and bitten on her breast by an unruly female patient. Mrs. Cheak continued to work at the hospital until October 10, 1964, when she was found unconscious in her home by her husband. Her physician, Dr. R. W. Hamm, was of the opinion that she had sustained a cerebral hemorrhage. She was hospitalized and four days later had a second hemorrhage which resulted in some aphasia and paralysis. Her condition has improved but she is unable to perform

nursing duties. The physicians who have testified in this case agree that she is totally disabled for employment.

■ Appellant contends that the injuries she sustained when she was assaulted while at work had caused the cerebral hemorrhage and her subsequent disability. To support this contention she relies chiefly upon the testimony of Dr. Curwood Hunter who was employed to examine Mrs. Cheak only for the purposes of diagnosing her condition and testifying in this case. From the case history he obtained from Mrs. Cheak and her husband and the tests he conducted, Dr. Hunter stated that there was a direct causal relationship between the injuries she sustained on September 20, 1964, and the cerebral hemorrhage which occurred three weeks later. However, the board, in ruling upon objections to the competency of Dr. Hunter's testimony, held that while he could express his opinion concerning the nature and extent of Mrs. Cheak's disability he could not relate her disability to a work-connected accident. This ruling was correct since his opinion was based in part upon self-serving and hearsay statements related to him when he obtained Mrs. Cheak's case history. Mary Helen Coal Corp. v. Bigelow, Ky., 265 S.W.2d 69; Chesapeake & Ohio Railway Co. v. Wiley, 134 Ky. 461, 121 S.W. 402.

Catherine Goins, who worked at the Frankfort State Hospital and School, testified that she observed a change in Mrs. Cheak's conduct between September 20 and October 10, 1964, in that Mrs. Cheak complained of headaches and drowsiness. Another aide at the hospital, who saw the patient strike Mrs. Cheak, stated that this incident was not unusual as the nurses were often slapped by the patients, that Mrs. Cheak continued to work with her that day and made no complaint about it except to seek reimbursement for her broken glasses.

Dr. R. W. Hamm, who treated Mrs. Cheak during her illness, refused to relate Mrs. Cheak's hemorrhages to an industrial accident and stated it was his impression that her cerebral hemorrhages, or strokes, were without regard to environmental circumstances.

Dr. Leslie Blakey testified that he could not definitely state that there was or was not a causal relationship between the assault and the strokes which Mrs. Cheak had sustained.

■ We conclude that the evidence introduced in behalf of Mrs. Cheak is not so convincing as to require us to disregard the findings of the board and to hold as a matter of law that her disability resulted from a work-connected injury. Kentucky West Virginia Gas Company v. Ritchie, Ky., 402 S.W.2d 704. In these circumstances we accept the conclusion reached by the board.

The judgment is affirmed.

All concur.