Boyd V. NAPIER, and Howard Lee Grigsby,
Suing by His Mother and next Friend,
Carrie Grigsby, Appellants,

v.

Glomon HURT, Cecil Hurt, Gladys Napier
and Johnny Napier, Appellees and
Cross-Appellants.

Court of Appeals of Kentucky.

Sept. 27, 1968.

1. See Dupriest v. Tecon Corporation, Ky., 396 S.W.2d 778.

**44**

C. W. Napier, Jr., Hazard, for appellants.

Reeves, Barret & Cooper, Hazard, for appellees and cross-appellants Glomon Hurt and Cecil Hurt.

Craft & Haynes, Hazard, for appellees and cross-appellants Gladys Napier and Johnny Napier.

CULLEN, Commissioner.

Johnny Napier and Cecil Hurt, each driving a parent's automobile, engaged in a race along a mountainous highway. As well might have been expected, the race culminated in a smash-up. Boyd Napier and Howard Lee Grigsby, teen-age passengers in the Johnny Napier car, were injured. They sued Johnny and Cecil and the parental owners of the cars. Each plaintiff was awarded a verdict of $5,000. However, the defendants' motion for a new trial was sustained and upon a second trial the jury found for the defendants (presumably on the ground of contributory negligence). Judgment was entered dismissing the claims.

The plaintiffs have appealed, asserting that the trial court erred in granting a new trial and in overruling their motion, made after the second trial, to substitute the verdict on the first trial for that on the second trial. The defendants have cross-appealed, suggesting that if this court should find that there was error in the granting of the new trial, this court then should consider that the trial court erred in overruling the defendants' motion for judgment n. o. v., which had been made alternately with the motion for a new trial. Since we have concluded that the granting of the new trial was not error, the cross-appeal has become moot.

The circuit court granted the new trial on the specific grounds that the court had erred in admitting certain medical testimony, and in giving instructions allowing a recovery for permanent injuries. It was the opinion of the trial judge that he erroneously had allowed a doctor, who had examined the plaintiffs solely for the purpose of giving testimony as an expert, to express an opinion as to the plaintiffs' physical conditions and degrees of disability based upon subjective symptoms alone, and then to relate statements and voluntary acts of the plaintiffs as a means of bolstering his testimony. See Mary Helen Coal Corp. v. Bigelow, Ky., 265 S.W.2d 69. The trial judge also was of the opinion that he had erred in instructing on permanent injuries since the testimony as to permanency of the plaintiffs' injuries was not

direct, positive and satisfactory. See Ingram v. Galliher, Ky., 309 S.W.2d 763.

 This court will not reverse the action of a trial judge in granting a new trial unless he has abused his discretion—has clearly erred in exercising his right to reach a reasoned conclusion, employing his judicial sense of what is right, fair and just. If there is doubt about the correctness of his ruling it will not be reversed. If there is a substantial reason for his decision, then he has not clearly erred. See City of Louisville v. Allen, Ky., 385 S.W. 2d 179.

The plaintiffs' doctor witness, who had examined them solely for the purpose of appearing as an expert witness, testified that the plaintiffs each had sustained back injuries, and that each had sustained a brain concussion. He found objective evidence of the back injuries, but his opinion as to the brain concussions was based solely on subjective symptoms, and over the objections of the defendants he was allowed to relate the statements of the plaintiffs, and of the mother of one of them, upon which he based his opinion. The trial court was of the opinion that this violated the rule set forth in Mary Helen Coal Corp. v. Bigelow, Ky., 265 S.W.2d 69. We find nothing unreasonable in his decision.

Our view is the same as regards the matter of the instruction on permanent injuries. The doctor did not say positively that the injuries of either plaintiff were permanent. As to one he said that the injury "could well be permanent" but there was no way of knowing "at this time" whether or not it would be permanent. As to the other he said that there is "no way of knowing how long that disability will last." It is true that the doctor did indicate that the lapse of one year's time between the two examinations he had made of the plaintiffs, without any material improvement in their conditions, was some indication of permanency. Perhaps the evidence of permanency was sufficient to

have authorized the instruction, but again the question was sufficiently close so that we cannot say that the trial court's decision was clearly without a reasonable basis.

The question of possibility of prejudice necessarily entered into the trial court's decision of whether there was error of such magnitude as to warrant granting a new trial. The issue of contributory negligence was a close one. There was a basis for a belief that the jury had been induced by sympathy, arising from the testimony as to brain concussions and possibility of permanency of disability, to swing the balance in favor of a holding of liability. Some latitude of judicial discretion properly was allowable here.

The judgment is affirmed both on the direct appeal and on the cross-appeal.

All concur.